The Honorable Joe H. Hardegree Prosecuting Attorney 18th Judicial Circuit West 507 Hickory Street Mena, Arkansas 71953
Dear Mr. Hardegree:
This is in response to your request for an opinion concerning the possible amendment of a Game and Fish Commission regulation. You have enclosed a 1985 intra-office Commission memorandum and have posed the following specific question relating to it:
 Did the enclosed memorandum, approved by the Game and Fish Commission in 1985, modify or amend Regulation 32.14 to the extent that the net pen manager had the legal authority to allow Game and Fish Commission employees to fish in the net pen egress areas?
It is my opinion that the answer to your question is "no".
Regulation 32.14 of the Arkansas Game and Fish Commission provides:
 FISHING IN NURSERY PONDS PROHIBITED. It shall be unlawful to take fish or frogs in nursery ponds, nursery pond egress areas or hatcheries where prohibiting signs are posted. PENALTY: $25.00 to $1,000.00.
The memorandum you have enclosed, (a copy of which is attached hereto), is dated June 14, 1985 and is from Mike Gibson, Assistant Chief of the Fisheries Division, to Scott Henderson, Chief of that division. The memorandum addresses an incident which occurred at a net pen facility, and requests that two procedures be implemented to alleviate the possibility of criticism of the Commission. The memo was rescinded by Commissioner Steve Wilson on May 11.
In my opinion, nothing in the language of the memorandum purports to modify or amend Regulation 32.14. The memorandum merely acknowledges that violations of the regulation have occurred, and requests that in the future, all visits of "dignitaries" be coordinated through Assistant Chief Gibson or Chief Henderson, and that Assistant Chief Gibson be given the freedom to discuss the situation with the net pen managers to ensure that visitor actions do not bring "discredit" upon the Commission. Nothing in the memorandum excepts "dignitaries" from the operation of Regulation 32.14; it merely acknowledges that "dignitaries" have violated the regulation, and requests adoption of procedures to ensure that actions do not bring discredit upon the Commission.
Additionally, even if the language of the memorandum can be construed as substantively amending the regulation, it is my opinion that the memorandum does not have the force of a Commission regulation, and thus could not, as a procedural matter, amend the existing regulation. The memo was from a division assistant chief to a division chief. The Commission members were only provided with a copy of the memo. This is certainly not the standard Commission procedure for the adoption of regulations. It is my understanding that the Game and Fish Commission generally follows the provisions of the Administrative Procedures Act, A.C.A. 25-15-201, et seq. , ("A.P.A.") in the adoption of rules and regulations. The act requires twenty days' notice of any intended action, and allows interested persons to submit data and arguments to the rule-making body. Additionally, all rules or amendments thereto are filed with the Secretary of State for inclusion in the Arkansas Register. The act also provides in A.C.A. 25-15-203(b):
 No agency rule, order or decision shall be valid or effective against any person or party, nor may it be invoked by the agency for any purpose, until it has been filed and made available for public inspection as required by this subchapter. Because the memorandum was not "filed and made available for public inspection" as required under the A.P.A., it is not a valid regulation and cannot in any way amend an existing regulation.
It is thus my opinion, in response to your specific question, that the memorandum you have enclosed does not, by its own terms, modify or amend the provisions of Regulation 32.14. It does not, in my opinion, exempt any persons from operation of the regulation.[1] It is also my opinion that even if the memo could be construed as substantively amending the provisions of the regulation, the memo could not in this instance, according to principles of procedural law, amend the regulation.[2]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
[1] If, in fact, the memorandum is efficacious in exempting certain "dignitaries" (to be determined by the Commission) from the operation of a criminal regulation, in my opinion a colorable violation of the Privileges and Immunities Clause of the Arkansas Constitution would exist. See Arkansas Constitution Art. 2 18, and generally, Lewis v. State, 110 Ark. 204,161 S.W. 154 (1915).
[2] Whether prosecution of alleged violators of the regulation would be successful may still be an uncertain matter due to any number of factors, including the availability of defenses. As always, the decision of whether to prosecute generally falls within the exercise of your prosecutorial discretion.